```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
              Criminal No. 12-17(DSD)
```

United States of America,

       Plaintiff,

v.                                                    **ORDER**

Mario Ronrico Smith,

       Defendant.

      Amber M. Brennan, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN, counsel of plaintiff.

      Mario Ronrico Smith, #10377-041, FCI Terre Haute, P.O. Box 33, Terre Haute, IN 47808, defendant pro se.

This matter is before the court upon the pro se motion[1] by defendant Mario Ronrico Smith to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

## BACKGROUND

On the evening of December 4, 2011, Crystal Lake Police performed a traffic stop on a speeding Dodge Charger.[2] The driver

---

[1] After filing his motion, Smith was appointed counsel who submitted a memorandum on his behalf. See ECF Nos. 117, 118. On March 28, 2017, the court granted counsel's motion to withdraw. See ECF No. 129.

[2] The court provides a summary of the facts as recited in United States v. Smith, 789 F.3d 923, 926-27 (8th Cir. 2015).

provided the officer with a Minnesota driver's license identifying him as Mario Ronrico Smith.  The officer noticed an odor of marijuana coming from the car and called for a back up K-9 unit to assist in a search of the vehicle.  As the K-9 unit approached, Smith fled from the officers.  In pursuit, the officers performed a "PIT" maneuver, stopping the vehicle. Smith fled on foot and escaped into a residential neighborhood.  Although the officers were not able to apprehend Smith, they retained his driver's license.  On a search of the Charger, the officers found two kilograms of cocaine, $6,000 in U.S. currency,  and a Glock .40 caliber hand gun with 12 live rounds of ammunition.

On January 10, 2012, a grand jury indicted Smith on three counts: (1) possession with intent to distribute cocaine; (2) using and carrying a firearm during a drug trafficking crime; and (3) felon in possession of a firearm.  On May 17, 2013, Smith was arrested in Chicago, Illinois.  On November 19, 2013, a jury found Smith guilty on all three counts.  On July 30, 2014, the court sentenced to 280 months' imprisonment: 220 months for counts 1 and 3 to be served concurrently and 60 months for count 2 to be served consecutive to the sentence for counts 1 and 3.  Smith now moves for relief pursuant to § 2255.[3]

---

[3] On July 28, 2016, the court stayed this action pending the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017).

**DISCUSSION**

**I.   Ineffective Assistance of Counsel**

Smith argues that he is entitled to relief because both his trial and appellate counsel were ineffective. To show that he received ineffective assistance of counsel, a movant must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, a movant must show that his counsel's performance was so deficient that it was objectively unreasonable. See id. at 688. Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference. Id. at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 699. Second, a movant must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

   **A.   Trial Counsel**

Smith argues that his trial counsel, Ryan Garry, was ineffective because he failed to investigate and raise an available alibi defense, namely, that he was at a family gathering on the night in question and, therefore, could not have been the driver of the Dodge Charger. The decision of whether to pursue a particular

defense is a strategic choice that, when "made after a through investigation of law and facts relevant to plausible options are virtually unchallengeable." United States v. Orr, 636 F.3d 944, 952 (8th Cir. 2011) (internal quotation marks omitted) (quoting Strickland, 466 U.S. at 690-91). But a counsel's "strategic choices resulting from lack of diligence in preparation and investigation [are] not protected by the presumption in favor of counsel." Armstrong v. Kemna, 534 F.3d 857, 864 (8th Cir. 2008) (internal quotation marks and citations omitted).

In preparing for Smith's defense, Garry hired a private investigator with almost thirty years of law enforcement experience. Garry Aff. ¶ 6. On being told by Smith that he was at a family gathering on the night of the offense, both Garry and the investigator interviewed several of Smith's family members. Id. ¶ 7. After reading the investigator's report and conducting his own interviews, Garry concluded that Smith's family members were lying and that a jury would not find them credible. Id. Smith argues that Garry did not fully investigate his alibi defense but fails to point to any specific deficiencies in Garry's investigation. Indeed, it appears that Garry interviewed all relevant witnesses; affidavits from family members, which were submitted by Smith, indicate they spoke with Garry. See ECF Nos. 120-23, 126-28. As a result, Smith fails to meet the first

Strickland prong.[4]

Even assuming that Garry's performance was deficient, Smith has not shown that, but for Garry's failure to present the alibi defense, the jury would not have convicted him.  Indeed, the evidence that Smith was the driver of the Charger was strong: the driver's license provided to the officer identified the driver as Smith; the officer testified at trial that he recognized Smith from the traffic stop; officers recovered a wallet from the vehicle with credit cards and insurance cards in Smith's name and medication bottles prescribed to Smith; and Smith's DNA was recovered from a soda can in the car.  See Smith, 789 F.3d at 926-27.  Therefore, Smith also fails to meet the second Strickland prong.

**B.   Appellate Counsel**

Smith also argues that appellate counsel was ineffective because he failed to appeal the court's determination that he was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), even though Johnson v. United States, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the ACCA, was pending before the Supreme Court at the time of his appeal.  But Johnson was decided on June 26, 2015, and Smith's appeal was submitted on March 13, 2015.  Although in retrospect, Smith may have successfully challenged his enhanced sentence, "[t]he failure

---

[4] Nor is Smith entitled to an evidentiary hearing.  Smith's submitted affidavits and the case record as a whole "conclusively show that [he] is entitled to no relief."  28 U.S.C. § 2255(b).

to anticipate a change in the law will not generally constitute an ineffective assistance of counsel." Brunson v. Higgins, 708 F.2d 1353, 1356 (8th Cir. 1983); see also Ruff v. Armontrout, 77 F.3d 265, 268 (8th Cir. 1996) (holding counsel was not ineffective where "the theory on which Batson was based was certainly available at the time of jury selection ... Batson itself had not yet been decided"); Johnson v. Armontrout, 923 F.2d 107, 108-09 (8th Cir. 1991) (holding that failure to submit an appeal based on reasoning later adopted by the Supreme Court did not constitute ineffective assistance of counsel). As a result, Smith's appellate counsel's performance did not fall below "the deferential standard of reasonableness established in Strickland." Randolph v. Delo, 952 F.2d 243, 246 (8th Cir. 1991).

**II. Johnson**

    **A. Applicability of Johnson**

Smith argues that his sentence should be corrected because it was based on the residual clause of the ACCA, 18 U.S.C. § 924(e), which the Supreme Court held to be unconstitutional in Johnson v. United States, 135 S. Ct. 2551 (2015). The government agrees that, in light of Johnson and Matthis v. United States, 136 S. Ct. 2243 (2016), the sentencing provisions of the ACCA no longer apply to Smith because his two previous convictions for fleeing police in a motor vehicle are no longer violent felonies under the ACCA. Although Smith's sentence for count 3, felon in possession of a

6

firearm, is not valid in light of Johnson, because Smith's sentence for count 3 is concurrent with his sentence for count 1, possession with intent to distribute cocaine, the court must still determine whether Smith is entitled to a reduced sentence.

### B.     Concurrent Sentence Doctrine

Under the concurrent sentence doctrine, a court, in its discretion, may decline to grant a defendant relief where the defendant was sentenced on concurrent counts and a "ruling in the defendant's favor on the conviction at issue would not reduce the time he ... is required to serve under the sentence for the valid conviction(s)."  United States v. Smith, 601 F.2d 972, 973 (8th Cir. 1979).  Here, even if the court to granted Smith relief on count 3, his imprisonment term would remain the same because his conviction on count 1, which is still valid, is the same as his sentence for count 3.  Indeed, at the time of sentencing, the court determined that the guidelines' sentence for count 1 was 420 months to life imprisonment.  In sentencing Smith to 220 months, the court granted him a 200-month downward variance.  Therefore, if re-sentenced on counts 1 and 2, Smith would not receive a lower sentence.  The court, therefore, declines to grant Smith the relief requested.

### III. Beckles

Lastly, Smith argues that, in light of Johnson, he is no longer a career offender under Sentencing Guidelines § 4B1.1.  When

7

Smith filed his motion, courts were divided as to <u>Johnson</u>'s impact on the residual clause in the Guidelines.  See <u>United States v. Matchett</u>, 802 F.3d 1185, 1193-96 (11th Cir. 2015) (holding that the Guidelines were not subject to vagueness challenges); <u>United States v. Madrid</u>, 805 F.3d 1204, 1210-11 (10th Cir. 2015) (holding that Guidelines § 4B1.2(a)(2) is unconstitutionally vague).  In <u>Beckles</u>, however, the Supreme Court held that the Guidelines were not subject to vagueness challenges.  <u>Beckles</u>, 137 S. Ct. at 892.  Therefore, the Guidelines under which Smith was sentenced are not unconstitutionally vague under <u>Johnson</u>.

**IV. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000).  The court is firmly convinced that Smith is not entitled to relief and reasonable jurists could not differ on the result.  As a result, a certificate of appealability is not warranted.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate his sentence [ECF No. 113] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: July 14, 2017

s/ David S. Doty
David S. Doty, Judge
United States District Court
