```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA
                     Criminal No. 12-17(DSD)
```

United States of America,

       Plaintiff,

v.                                              **ORDER**

Mario Ronrico Smith,

       Defendant.


This matter is before the court upon the application to proceed on appeal without prepayment of fees by pro se defendant Mario Ronrico Smith. A litigant who seeks to be excused from paying the filing fee for an appeal may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith." Id. § 1915(a)(3).

Based upon the present IFP application, the court is satisfied that Smith is financially eligible for IFP status. The court assesses "an initial partial filing fee of twenty percent of the greater of ... the average monthly deposits to the prisoner's account[] or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the ... notice of appeal." Id. § 1915(b)(1). Smith's trust account

certificate shows that the average monthly deposits for the preceding six months was $604.13, and his average monthly balance for the preceding six months was $1,234.18. See ECF No. 10, at 8. Therefore, the court calculates that Smith's initial partial filing fee is $246.83, plus continuing monthly payments in accordance with 28 U.S.C. § 1915(b).

Even if a litigant is found to be indigent, however, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. at 445. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although the court remains fully satisfied that Smith's § 2255 motion was properly denied, his appeal is not frivolous as that term has been defined by the Supreme Court. As a result, the appeal is considered to be taken in good faith for purposes of § 1915(a)(3), and the IFP application will be granted.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that Smith's application to appeal in forma pauperis [ECF No. 147] is granted as set forth above.

Dated: October 11, 2017

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court