```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Criminal No. 12-17(DSD)
```

United States of America,

        Plaintiff,

v.                                              **ORDER**

Mario Ronrico Smith,

        Defendant.


This matter is before the court upon the application to proceed on appeal without prepayment of fees by pro se defendant Mario Ronrico Smith.[1] A litigant who seeks to be excused from paying the filing fee for an appeal may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith." Id. § 1915(a)(3).

Based upon the present IFP application, the court is satisfied that Smith is financially eligible for IFP status. Even if a litigant is found to be indigent, however, IFP status will be denied if the court finds that the litigant's appeal is not taken

---

[1] This order replaces the court's previous order which granted Smith's application, but charged him an initial filing fee of $246.83. See ECF No. The court should not have charged Smith an initial filing fee for his appeal.

in "good faith." 28 U.S.C. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. at 445. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although the court remains fully satisfied that Smith's § 2255 motion was properly denied, his appeal is not frivolous as that term has been defined by the Supreme Court. As a result, the appeal is considered to be taken in good faith for purposes of § 1915(a)(3), and the IFP application will be granted.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The court's previous order [ECF No. 154] is vacated; and

2. Smith's application to proceed on appeal in forma pauperis [ECF No. 147] is granted.

Dated: October 31, 2017

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court