```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
              Criminal No. 12-17(DSD)
```

United States of America,

       Plaintiff,

v.                                    **ORDER**

Mario Ronrico Smith,

       Defendant.


This matter is before the court upon the motion by defendant Mario Ronrico Smith for a sentence reduction under 18 U.S.C. § 3582 and <u>Concepcion v. United States</u>. Based on the record, file, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

On November 19, 2013, a jury found Smith guilty on one count of possession with intent to distribute cocaine (Count 1), one count of using and carrying a firearm in connection with a drug trafficking crime (Count 2), and one count of felon in possession of a firearm (Count 3). ECF No. 69. Smith had three previous convictions that, at the time of sentencing, were "violent felonies" under the Armed Career Criminal Act (ACCA). PSR ¶¶ 33, 35, 37. Smith's previous convictions also each qualified as a

predicate career offender conviction under the Sentencing Guidelines. The PSR's advisory guideline range was 420 months to life imprisonment on Count 1 under the career offender guidelines, with a mandatory minimum of 120 months' imprisonment. Id. ¶¶ 69-70. The PSR concluded that Count 3 under the ACCA carried a mandatory minimum of 180 months' imprisonment. Id.

On July 30, 2014, the court sentenced Smith to 220 months' imprisonment on Counts 1 and 3, to be served concurrently, and 60 months' imprisonment on Count 2, to be served consecutively to Counts 1 and 3. See ECF No. 90. Smith directly appealed, and the Eighth Circuit Court of Appeals affirmed. United States v. Smith, 789 F.3d 923 (8th Cir. 2015).

On June 6, 2016, Smith filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 113. In relevant part, Smith argued that two of his previous convictions did not constitute violent felonies under the ACCA, and, under Johnson v. United States, 576 U.S. 591 (2015), that his sentence was unconstitutional, and that he was not subject to the ACCA. Id.

The court concluded that Smith's sentence for Count 3 was invalid under Johnson. ECF No. 142, at 6-7. Nevertheless, the court found that Smith was not entitled to a sentence reduction under the concurrent sentence doctrine. Id. at 7. Under the that doctrine, the court may decline to grant defendant relief if he was sentenced on concurrent counts and a ruling in defendant's

2

favor would not reduce his time for the valid conviction. Id. (citing United States v. Smith, 601 F.2d 972, 973 (8th Cir. 1979). Smith's sentence for Count 1 was valid, ran concurrently with Count 3, and ran the full length of the sentence under Count 3. The court declined to reduce his sentence on that basis. Smith appealed, and the Eighth Circuit affirmed, concluding that the court did not err in denying relief under the concurrent sentence doctrine and in not ordering a complete resentencing. See Smith v. United States, 930 F.3d 978, 980-81 (8th Cir.), cert. denied, 140 S. Ct. 547 (2019).

Smith then moved for relief under Federal Rule of Civil Procedure 60(b)(6), which the court denied. ECF No. 192. The Eighth Circuit affirmed. ECF No. 208. The Eighth Circuit also denied Smith's motion for authorization to file a successive habeas petition. ECF No. 213.

Smith now moves for a reduction in sentence under 18 U.S.C. § 3582 based on Concepcion v. United States, 142 S. Ct. 2389 (2022), arguing that he may be resentenced because he is no longer considered a career offender and because he is rehabilitated.

## DISCUSSION

The court will construe Smith's motion as one for compassionate release under § 3582(c)(1)(A), as there are no other aspects of § 3582 that apply here. As such, Smith must establish

"extraordinary and compelling" reasons warranting a reduction in his sentence. He has not. First, he has not exhausted his administrative remedies by requesting relief from the bureau of prisons and therefore is not properly before the court. See 18 U.S.C. § 3582(c)(1)(A). Second, he has not set forth any extraordinary and compelling reasons for a sentence reduction. Id. § 3582(c)(1)(A)(i). He fails to adequately articulate how Concepcion applies and meets this high bar. The court sees no basis on which to conclude that Concepcion could serve as a basis for relief. And, although the court commends Smith for his rehabilitative efforts, they do not provide a basis for relief under these circumstances. As a result, the court must deny the motion.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion for relief from judgment [ECF No. 215] is denied.

Dated: November 9, 2021

> s/David S. Doty
> David S. Doty, Judge
> United States District Court