UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-17(DSD)

United States of America,

        Plaintiff,

v.                                                **ORDER**

Mario Ronrico Smith,

        Defendant.


This matter is before the court upon the amended motion by defendant Mario Ronrico Smith for a sentence reduction under the First Step Act, 18 U.S.C. § 3582, and United States Sentencing Guidelines § 1b1.13(b)(6). Based on the record, file, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

On November 19, 2013, a jury found Smith guilty on one count of possession with intent to distribute cocaine (Count 1), one count of using and carrying a firearm in connection with a drug trafficking crime (Count 2), and one count of felon in possession of a firearm (Count 3). ECF No. 69. Smith had three previous convictions that, at the time of sentencing, were "violent felonies" under the Armed Career Criminal Act (ACCA). PSR ¶¶ 33, 35, 37. Smith's previous convictions also each qualified as a

predicate career offender conviction under the Sentencing Guidelines. The PSR's advisory guideline range was 420 months to life imprisonment on Count 1 under the career offender guidelines, with a mandatory minimum of 120 months' imprisonment. Id. ¶¶ 69-70. The PSR concluded that Count 3 under the ACCA carried a mandatory minimum of 180 months' imprisonment. Id.

On July 30, 2014, the court sentenced Smith to 220 months' imprisonment on Counts 1 and 3, to be served concurrently, and 60 months' imprisonment on Count 2, to be served consecutively to Counts 1 and 3. See ECF No. 90. Smith directly appealed, and the Eighth Circuit Court of Appeals affirmed. United States v. Smith, 789 F.3d 923 (8th Cir. 2015).

On June 6, 2016, Smith filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 113. In relevant part, Smith argued that two of his previous convictions did not constitute violent felonies under the ACCA, and, under Johnson v. United States, 576 U.S. 591 (2015), that his sentence was unconstitutional, and that he was not subject to the ACCA. Id.

The court concluded that Smith's sentence for Count 3 was invalid under Johnson. ECF No. 142, at 6-7. Nevertheless, the court found that Smith was not entitled to a sentence reduction under the concurrent sentence doctrine. Id. at 7. Under the that doctrine, the court may decline to grant defendant relief if he were sentenced on concurrent counts and a ruling in defendant's

favor would not reduce his time for the valid conviction.  Id. (citing United States v. Smith, 601 F.2d 972, 973 (8th Cir. 1979). Smith's sentence for Count 1 was valid, ran concurrently with Count 3, and ran the full length of the sentence under Count 3.  The court declined to reduce his sentence on that basis.  Smith appealed, and the Eighth Circuit affirmed, concluding that the court did not err in denying relief under the concurrent sentence doctrine and in not ordering a complete resentencing.  See Smith v. United States, 930 F.3d 978, 980-81 (8th Cir.), cert. denied, 140 S. Ct. 547 (2019).

Smith then moved for relief under Federal Rule of Civil Procedure 60(b)(6), which the court denied.  ECF No. 192.  The Eighth Circuit affirmed.  ECF No. 208.  The Eighth Circuit also denied Smith's motion for authorization to file a successive habeas petition.  ECF No. 213.

In 2022, Smith moved for a reduction in sentence under 18 U.S.C. § 3582 based on Concepcion v. United States, 597 U.S. 481 (2022), arguing that he may be resentenced because he is no longer considered a career offender and because he is rehabilitated.  The court denied the motion.  ECF No. 227.

Smith now amends his previously denied motion, arguing that he is entitled to early release because he is serving an unusually long sentence that would have been much lower had it been imposed today, due to changes in the law.  The government opposes the

amended motion.

**DISCUSSION**

Smith must establish "extraordinary and compelling" reasons warranting a reduction in his sentence. He argues that because he no longer qualifies as a career offender, he is eligible for compassionate release under U.S.S.G. § 1b1.13(b)(6). The court has already rejected the factual basis for this argument but will nevertheless address it in the context of § 1b1.13(b)(6). Under that provision, defendant may be eligible for compassionate release if:

> [he] received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether [he] presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of [his] individualized circumstances.

As it has done previously, the court carefully considered Smith's arguments in support of a sentence reduction and concludes that a reduction is not warranted. First, as previously stated, to the extent Smith is no longer considered a career offender, the court would have sentenced him to the same term of imprisonment had he not been deemed a career offender. See Smith v. United

States, 930 F.3d 978, 981-82 (8th Cir. 2019). Any intervening change in the law with respect to career offender status does not, in the court's view, present extraordinary and compelling reasons supporting a sentence reduction.[1] The court sentenced Smith based on the 18 U.S.C. § 3553(a) factors and those factors continue to support the sentence originally imposed. Second, although the court continues to commend Smith for his rehabilitative efforts while in prison, they do not compel relief under these circumstances. The court must therefore deny the motion.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion for a reduction in sentence [ECF No. 238] is denied.

Dated: October 2, 2024

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court

---

[1] Because the court concludes that compassionate release is not warranted, it will not address the government's challenge to the validity of § 1b1.13(b)(6).